UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

TERRELL MOSS, a/k/a T-Bone,

    *Defendant-Appellant.*

No. 02-4763

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert E. Maxwell, Senior District Judge.
(CR-01-16)

Submitted: June 30, 2003

Decided: July 18, 2003

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas M. Regan, THOMAS M. REGAN, L.C., Elkins, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Terrell Moss appeals his conviction following his guilty plea to one count of distributing crack cocaine, *see* 21 U.S.C. § 841(a) (2000). Moss argues his conviction is tainted by the district court's denial of his motion for substitute counsel.* For the following reasons, we affirm.

This court reviews a district court's denial of a motion for substitution of counsel for an abuse of discretion. *United States v. Corporan-Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994). However, a defendant does not have an absolute right to substitution of counsel, *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994), and an indigent defendant may request another appointed attorney only for good cause, *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988). In evaluating whether the trial court abused its discretion in denying Moss's motion for substitution of counsel, this court must consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into Moss's complaint; and (3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *Gallop*, 838 F.2d at 108.

Our review of the district court's ruling indicates no error in the denial of Moss's motion. The district court noted the substantial delay between Moss's initial decision to plead guilty and the filing of his motion. Moreover, Moss's statements indicated he had adequate interaction with his attorney given his intent to plead guilty, an assertion that we find falls short of demonstrating good cause. *See Mullen*, 32

---

*Moss's attorney filed a motion to withdraw as counsel shortly before Moss mailed a letter requesting substitute counsel be appointed. For ease of reference, this opinion refers to both collectively as Moss's motion for substitute counsel.

F.3d at 895. In light of these findings, as well as Moss's subsequent statement while pleading guilty that he was satisfied with his attorney's efforts on his behalf, *see Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), we discern no abuse of discretion in the district court's ruling. *See Gallop*, 838 F.2d at 108.

Accordingly, we affirm Moss's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*